Filed 6/9/21  P. v. Thompson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JASON LEMAR THOMPSON, <br><br> Defendant and Appellant. | 2d Crim. No. B308949 <br> (Super. Ct. No. CR38992B) <br> (Ventura County) |

Jason Lemar Thompson appeals an order denying his Penal Code section 1170.95 petition for resentencing.[1]  The trial court determined that appellant had failed to make a prima facie showing for relief.

In 1997 a jury convicted appellant of first degree murder. The jury found true an allegation that he had been armed with a firearm.  He was sentenced to prison for 25 years to life for the murder plus one year for the firearm enhancement.  He is still serving the sentence.  We affirmed the judgment in an

---

[1] All statutory references are to the Penal Code.

unpublished opinion – *People v. Thompson* (Dec. 31, 1997, B111386).

Appellant filed a timely notice of appeal from the order denying his petition for resentencing, and we appointed counsel to represent him. Having found no arguable issue, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting that we review the entire record on appeal. Counsel noted that "[s]everal [appellate] courts have . . . recently held that *Wende* review is not required where the defendant appeals from the denial of a section 1170.95 resentencing petition. [Citations.]" But there is "no legal authority that *prohibits* us from [conducting an independent review of the record] in the interests of justice." (*People v. Flores* (2020) 54 Cal.App.5th 266, 273.)

Appellant personally filed a supplemental brief requesting that we reverse the denial of his petition and compel the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1170.95, subdivisions (c) and (d). We affirm.

### Facts

According to the statement of facts in our unpublished opinion, appellant was not the actual killer. The actual killer was Michael Thomas. Appellant and Thomas were members of a criminal street gang. Appellant drove Thomas in pursuit of a rival gang member. Thomas got out of the vehicle and shot the rival gang member four times. "Thomas ran back to the car. Appellant sped out of the neighborhood."

### Criteria for Section 1170.95 Relief

Section 1170.95, subdivision (a) provides: "A person convicted of felony murder or murder under a natural and

probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and be resentenced on any remaining counts when all of the . . . conditions [specified in section 1170.95, subdivisions (a)(1) through (a)(3)] apply . . . ."

*Trial Court's Ruling*

At the hearing on his petition, appellant was represented by appointed counsel. The trial court denied the petition in a four-page ruling. The court reasoned: "Petitioner cannot meet his initial burden of demonstrating eligibility for resentencing by operation of law because he has not been convicted of murder on a theory of felony murder or natural and probable consequences." "The verdict in conjunction with the jury instructions leave no ambiguity as to the jury's unanimous conclusion that [the] killing was nothing less than a willful, premeditated and deliberate murder and that Petitioner was guilty due to his behavior, his knowledge of the shooter's intent and his own intent to kill." "As to the murder in the first degree, the jury received no instruction on felony murder or natural and probable consequence murder."

*Felony-Murder and the Natural and*
*Probable Consequences Doctrine*

"Under the felony-murder rule as it existed prior to [the enactment of section 1170.95], a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed

3

murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248; see also *People v. Chiu* (2014) 59 Cal.4th 155, 158 ["'under the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also "for any other offense that was a 'natural and probable consequence' of the crime aided and abetted"'"].)

*As a Matter of Law, Appellant is Ineligible*
*for Resentencing under Section 1170.95*

We have examined the jury instructions. As the trial court noted, the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine. The only way appellant could have been convicted of first degree murder was pursuant to the following instruction, CALJIC No. 8.20, which was given to the jury: "If you find the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection . . . , it is murder of the first degree."

Accordingly, the jury must have found that murder was the target offense, not an unintended natural and probable consequence of some other offense. Therefore, appellant was a direct aider and abettor of murder. "[N]othing [has] altered the criminal liability of direct aiders and abettors of murder. Such persons may still be convicted of first degree premeditated murder based on their own knowledge of the perpetrator's unlawful purpose and their own intent to commit, encourage, or facilitate the commission of the murder. [Citations.] Defendant cannot challenge the sufficiency of the evidence supporting his

4

first degree murder conviction as a direct aider and abettor in an appeal from the denial of his section 1170.95 petition." (*People v. Palacios* (2020) 58 Cal.App.5th 845, 859-860, rev. granted Feb. 24, 2021, S266701.)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The order denying appellant's section 1170.95 petition for resentencing is affirmed because appellant is ineligible for relief as a matter of law.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance by Respondent.